**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**United States of America ex rel.
Carolyn Ferrara and Ellen Murray,**

    **Plaintiffs,**

v.                                                                  Case No.  8:04-cv-349-T-30MAP

**Michael A. Rosin, M.D., et al.,**

    **Defendants.**
_____/

**ORDER**

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss Counts Five (5) and Six (6) of the United States of America's Complaint in Intervention (Dkt. 42) and the United States' Response Memorandum in Opposition to the same (Dkt. 46).

**MOTION TO DISMISS STANDARD**

At the motion to dismiss stage, this Court must view the complaint in the light most favorable to Plaintiffs and construe all allegations in the complaint as true. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  A court may, however, dismiss a complaint on a dispositive issue of law. Marshall Cty Bd. of Educ. v. Marshall Cty Gas Dist., 992 F.2d 1171 (11th Cir.1993).  Conclusory allegations "will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief. . . However, the alleged facts need not be spelled out with exactitude, nor must recovery appear imminent." Quality Foods DeCentro America S.A. v. Latin Am. Agribusiness Dev. Corp., 711 F. 2d 989, 995 (11th Cir. 1983). A motion to dismiss is appropriate when it appears "beyond a reasonable doubt" that

the Plaintiff can prove no set of facts to support his claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); South Florida Water Mgt. Dist. v. Montalvo, 84 F. 3d 402, 406 (11th Cir. 1996).

## DISCUSSION

**A.     Count Five - Common Law Fraud.**

In Count Five, the United States has alleged Defendants engaged in a pattern and practice of fraudulently billing or causing to be billed false and fraudulent claims, records and statements to the Medicare Program. See Dkt. 33 at ¶ 58. Defendants argue that the allegations in the Count are insufficient as they fail to address any specifics associated with their allegations. This argument is disingenuous particularly in light of the lengthy detailed factual allegations contained in paragraphs 1 to 39 of the Complaint. To allege a cause of action based on fraud, Plaintiff had to allege a false statement was made, who made the false statement, the substance of the false statement, the time frame in which the statement was made and the context in which it was made. Bankers Mut. Captial Corp. v. U.S. Fidelity and Guar., 784 So. 2d 485, 490 (Fla. 4th DCA 2001). In reviewing the allegations in the Complaint, it is clear to this Court the United States as sufficiently alleged a cause of action. See Dkt. 33 at ¶¶ 26, 29-31, 34-37. Defendants' Motion to Dismiss as to Count Five is therefore denied.

**B.     Count 6 - Federal Debt Collection Procedures Act.**

The Federal Debt Collection Procedures Act "provides the exclusive civil procedures for the United States. . . to obtain, before judgment on a claim for a debt, a remedy in connection with such a claim." 28 U.S.C. § 3001(a)(2). However, in looking at the

Complaint, it does not appear any debt exists upon which the United States may seek judgment. There is no allegation in the Complaint stating the restitution Order was reduced to a judgment, or a Count seeking to have the restitution reduced to a judgment. Additionally, there is no allegation that Defendants are indebted to the United States. Notwithstanding, this Court will grant the United States **ten (10) days** in which to brief why it believes it is entitled to state a claim under the Federal Debt Collection Procedures Act.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss Counts Five (5) and Six (6) of the United States of America's Complaint in Intervention (Dkt. 42) is **denied** as to Count Five.

2. As to Count Six, the United States is hereby instructed to brief this Court within **ten (10) days** from the date of this Order on its basis for stating a claim under the Federal Debt Collection Procedures Act.

**DONE** and **ORDERED** in Tampa, Florida on August 20, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2004\04-cv-349 - Motion to Dismiss.frm