## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**United States of America ex rel.**
**Carolyn Ferrara and Ellen Murray,**

    **Plaintiffs,**

v.                                                               Case No.  8:04-cv-349-T-30MAP

**Michael A. Rosin, M.D., et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Relators' Motion to Dismiss Defendant's Counterclaims against Carolyn Ferrara (Dkt. 45) and Defendants' Response Memorandum in Opposition to the same (Dkt. 52).

### MOTION TO DISMISS STANDARD

At the motion to dismiss stage, this Court must view the complaint in the light most favorable to Plaintiffs and construe all allegations in the complaint as true. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  A court may, however, dismiss a complaint on a dispositive issue of law. Marshall Cty Bd. of Educ. v. Marshall Cty Gas Dist., 992 F.2d 1171 (11th Cir.1993).  Conclusory allegations "will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief. . . However, the alleged facts need not be spelled out with exactitude, nor must recovery appear imminent." Quality Foods DeCentro America S.A. v. Latin Am. Agribusiness Dev. Corp., 711 F. 2d 989, 995 (11th Cir.

1983). A motion to dismiss is appropriate when it appears "beyond a reasonable doubt" that the Plaintiff can prove no set of facts to support his claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); South Florida Water Mgt. Dist. v. Montalvo, 84 F. 3d 402, 406 (11th Cir. 1996).

## DISCUSSION

Defendants assert three causes of action against Relator Carolyn Ferrara, Common Law Fraud (Count I), Civil Theft (Count II) and Defamation (Count III). In her Motion to Dismiss, the Relator argues Counts I and II should be denied as they are permissive counterclaims and require an independent basis for jurisdiction. In reviewing the allegations of the Counterclaim, this Court agrees.

Defendants' Counterclaim does not arise out of the transaction or occurrence that is the subject of any claim filed by Relator Ferrara, as Relator Ferrara has not filed any claim against Defendants in her individual capacity. Relator Ferrara's claim is brought on behalf of the United States. There is no independent basis for this Court's jurisdiction of any of the claims asserted in the Counterclaim.[1]

It is therefore ORDERED AND ADJUDGED that:

1. Relators' Motion to Dismiss Defendant's Counterclaims against Carolyn Ferrara (Dkt. 45) is **GRANTED**.

---

[1] As this Court does not have jurisdiction over the claims asserted in the Counterclaim, it will not address the merits of the Relator's argument seeking dismissal of Defendants' Defamation Claim (Count III).

2.      Defendants' Counterclaim is **dismissed without prejudice**.

**DONE** and **ORDERED** in Tampa, Florida on August 21, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2004\04-cv-349 - Motion to Dismiss- Relator.wpd