**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA ex rel.**
**CAROLYN FERRARA and**
**ELLEN MURRAY,**

    **Plaintiffs,**

**v.**　　　　　　　　　　　　　　　　　　　　　　**Case No.  8:04-CV-349-T-30MAP**

**MICHAEL A. ROSIN, M.D., et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon United States of America's Supplemental Brief in Opposition to the Defendants' Motion to Dismiss Count VI of the Amended Complaint (Dkt. 62).  On August 20, 2007, the Court entered an order denying Defendant's motion to dismiss Court V of the Amended Complaint and directing the United States to brief why it believes it is entitled to state a claim under the Federal Debt Collection Procedures Act ("FDCPA").  The Court, having considered the motion and United States' arguments in opposition thereto, the Amended Complaint and the exhibit attached thereto, and controlling statutes and rules, and being otherwise advised in the premises, finds that Count VI of the Amended Complaint  should be dismissed.

    Subchapter B of the FDCPA provides that:

> The United States may, in a proceeding in conjunction with the complaint or at any time after the filing of a civil action on a

> claim for a debt, make application under oath to a court to issue any prejudgment remedy.

28 U.S.C. § 3101(a). Here, the United States failed to initiate an FDCPA proceeding in conjunction with the Amended Complaint and has, to date, not made application for issuance of a prejudgment remedy in accordance with the FDCPA. See 28 U.S.C. 3101(a). The cases relied on by the United States in its brief are factually distinguishable in that in each case cited the Plaintiff filed for prejudgment remedies in accordance with the provisions of Subchapter B of the FDCPA, 28 U.S.C. §§ 3101 - 3105. See Board of Governors of the Federal Reserve System v. Pharaon, 169 F.3d 110, 112 (2d Cir. 1999) (following an unsuccessful appeal of a final order finding Pharaon personally liable for a $37 million penalty assessed for violations of the Bank Holding Company Act, the court upheld the district court's finding that the Board was entitled to an award of a ten percent surcharge on the civil penalty pursuant to 28 U.S.C. § 3011 where, "[c]oncurrently with the filing of its administrative charges, the Board obtained from the District Court a temporary restraining order . . . preventing Pharaon from removing or dissipating his assets in the United States during the pendency of the Boards proceeding, pursuant to . . . [subchapter B of] the FDCP Act."); United States ex rel. Doe v. DeGregorio, Case No. 8:03-CV-1813-T, 2007 WL 1239225, at *2 (M.D. Fla.) (Shareholder sought to quash writs of attachment issued upon "the Government['s] application for prejudgment remedies in the form of writs of attachment and sequestration pursuant to the FDCPA"); United States v. Teeven, 862 F.Supp. 1200, 1208 (D. Del. 1992) (defendant unsuccessfully challenged the district court's decision

granting "the Government['s] *ex parte* application for prejudgment attachment, garnishment and sequestration under the [FDCPA]," filed by the Government shortly after it filed the complaint).  Having failed to comply with the procedures set out in the FDCPA entitling it to prejudgment remedies, the United States cannot proceed with a claim under the FDCPA at this time.

In its brief, the United States informed the Court that "[a]t the appropriate time, [it] will submit an affidavit which details the amount of the claim on the debt, and the other grounds necessary to support relief under the FDCPA" (Dkt. 62 at 4).  The dismissal of Ground VI will, therefore, be without prejudice.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss (Dkt. 42) is **GRANTED**.

2. Count VI of the Amended Complaint is dismissed without prejudice to the United States filing an application for prejudgment remedies in accordance with the procedures set out at 28 U.S.C. § 3101-3105.

**DONE** and **ORDERED** in Tampa, Florida on November 7, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2004\04-cv-349 Grant Dismissal of Count 6.frm