# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA,**
ex rel. **CAROLYN FERRARA** and
**ELLEN MURRAY,**

    **Plaintiffs,**

**v.**                                                               Case No. 8:04-cv-349-T-30MAP

**MICHAEL A. ROSIN, M.D., et al.,**

    **Defendants.**

_____/

## **ORDER**

THIS CAUSE comes before the Court upon Relators' Motion for Attorney Fees (Dkt. 93) and the Defendants' Response to the same (Dkt. 94). A hearing on this motion was held on February 26, 2009. The Court, having considered the motion, response, and arguments made at the hearing, and being otherwise fully advised in the premises, determines that the motion should be granted in part and denied in part.

Section 3730(d)(1) of the False Claims Act ("FCA"), 31 U.S.C. §3730, provides reasonable expenses, including attorneys' fees and costs, to be awarded against the defendant. The lodestar method is generally recognized as the proper method for determining reasonableness of attorneys' fees pursuant to a fee-shifting statute, such as the FCA. See City of Burlington v. Dague, 505 U.S. 557, 562 (1992). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. A

reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonable comparable skills, expertise, and reputation." Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).

The parties have entered into a Consent Judgment agreeing that the United States is entitled to $10,921,743.37. In addition to their percentage share of the proceeds, Relators request fees and costs totaling $75,061.87 ($69,090.00 in fees and $5,971.87 in costs).

The Court agrees to the hourly rates given for each attorney and staff member listed but finds that the number of hours worked is excessive. The Court will not award fees for secretarial type work, and further declines to award fees for time spent reviewing the various media articles and engaging in media strategizing. The Court also declines to award unidentified charges for copies, long distance phone calls, travel expenses, postage, and Westlaw research. Therefore, the attorneys's fees are reduced to a total of $60,572.00 and costs reduced to $763.15. The attorney and staff hours are assigned as follows:

    a.    Kevin Darken - 168.42 hours x $350 = $58,947.00

    b.    Todd Foster - 0.0 hours x $350 = $0.00

    c.    Kevin Kalwary - 1.0 hours x $90 = $90

    d.    Jacqueline McDonald - 25.5 hours x $50 = $1,275.00

    e.    Paige Lobozzo - 5.2 hours x $50 = $260.00

It is therefore ORDERED AND ADJUDGED that:

1. Relators' Motion for Award of Reasonable Attorneys' Fees, Costs, and Expenses (Dkt. 93) is **GRANTED in part and DENIED in part** as set forth herein.

2. The Court approves payment by Defendants to Plaintiffs of fees and costs in the amount of $61,335.15 ($60,572.00 in attorneys' fees and $763.15 in costs).

**DONE** and **ORDERED** in Tampa, Florida on March 6, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2004\04-cv-349.attorney fees.frm